Jeffrey J. Leist, State Bar No. 101016
Eric N. Riezman, State Bar No. 94339
**LEIST LAW GROUP, LLP**
26060 Acero, Suite 109
Mission Viejo, CA  92691
TELEPHONE:         (949) 209-9523
FACSIMILE:         (818) 548-6682
EMAIL:             jleist@leistlaw.com, eriezman@leistlaw.com

Attorneys for Defendants CYNTHIA MORGAN
and RICHARD MORGAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN FAMILY TRUST, a trust, and DARLENE MARTIN, an individual and trustee,<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTIAN RESEARCH INSTITUTE, INC, a Delaware non-profit corporation, CYNTHIA MORGAN, an individual, and RICHARD MORGAN, an individual,<br><br>Defendants. | CASE NO.:  2:10-cv-02339-JST-CW<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS CYNTHIA MORGAN AND RICHARD MORGAN TO DISMISS ACTION FOR FORUM NON CONVENIENS; SUPPORTING DECLARATION OF CYNTHIA MARTIN**<br><br>DATE: October 4, 2010<br>TIME: 10:00 am<br>COURTROOM: 10A<br>HON. JOSEPHINE STATON TUCKER |

1  INTRODUCTION

Moving Defendants CYNTHIA MORGAN and RICHARD MORGAN ("the MORGANS") were first served in this action with the first amended complaint ("FAC"), filed on July 12, 2010. The FAC purports to state a first cause of action for direct copyright infringement against the MORGANS, a second cause of action for inducement of copyright infringement solely against co-defendant CHRISTIAN RESEARCH INSTITUTE ("CRI"), a third cause of action for

MEMORANDUM OF POINTS & AUTHORITIES SUPPORTING MOTION TO DISMISS FOR FORUM NON CONVENIENS
1

declaratory relief against all defendants, and a fourth cause of action for libel solely against the MORGANS.

The FAC concerns claims for purported copyright infringement and libel by Darlene Martin, the widow of Dr. Walter Martin, against CRI, the organization founded by Dr. Martin, and against Dr. Martin's daughter CYNTHIA MORGAN and her husband RICHARD MORGAN. The FAC alleges that under a license from defendant CRI, the MORGANS posted copyrighted material on internet service providers youtube.com and yahoo.com. However, none of the defendants, their witnesses or records are located in California. The MORGANS and their records are located in Minnesota, and co-defendant CRI, it's directors, officers, employees and records are located in North Carolina. Only Plaintiff MARTIN is apparently a California resident.

This case should be dismissed under the doctrine of forum non conveniens in favor of a venue where the bulk of witnesses and evidence is located, namely either Minnesota or North Carolina.

2        THE DOCTRINE OF FORUM NON CONVENIENS

The United States Supreme Court most recently considered the forum non conveniens doctrine in *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp. (20007) 549 U.S. 422, 127 S. Ct. 1184, 167 L.Ed.2d 15,* which reversed a Court of Appeals decision and reinstated the district court's order dismissing the action on forum non conveniens grounds.

The Supreme Court in *Sinochem* noted that "a district court has discretion to respond at once to a defendant's forum non conveniens plea, and need not take up first any other threshold objection. In particular, a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a forum tribunal is the more suitable arbiter of the merits of the case." See, 549 U.S. at 423.

"A federal court has discretion to dismiss on forum non conveniens grounds 'when an alternate forum has jurisdiction to hear [the] case and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience . . .'" See, *Sinochem, 549 U.S. at 423*, citing *American Dredging Co. v. Miller, 510 U.S. 443, 447-448*. "Such a dismissal reflects a court's assessment of a 'range of considerations, most notably the **convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality**." *Id.*, citing *Quakenbush v. Allstate Ins. Co., 517 U.S. 706, 713* (emphasis added).

    3.    MINNESOTA OR NORTH CAROLINA ARE MORE SUITABLE FORUMS FOR THIS LAWSUIT.

The FAC alleges that defendants RICHARD MORGAN and CYNTIA MORGAN "have an address" in Cottage Grove, Minnesota (see paragraphs 16 & 17 on p. 5), and that Defendant CRI is incorporated in the State of Delaware but "has an address" at 6295 Blakeney Park Drive, Charlotte, North Carolina (see paragraph 15 on page 5). No contact is alleged by any Defendant with California, other than the alleged effect of internet postings on youtube.com or yahoo.com. As appears in the accompanying Declaration of CYNTHIA MORGAN, the MORGANS actually reside in Cottage Grove, Minnesota, and have no homes, offices, or general business contact with California. Further, the actual business office of CRI is located at the Charlotte, North Carolina address.

The FAC fails to attach a will, trust, or probate court order assigning the rights in any works of the late Dr. Martin to either Plaintiff DARLENE MARTIN or co-plaintiff MARTIN FAMILY TRUST. The FAC refers to a will as "Exhibit A, but no such document is attached. The FAC alleges that Dr. Martin founded CRI, but that no documents exist to transfer any copyrights

owned by Dr. Martin to CRI, and no employment agreement existed between Dr. Martin and CRI. See FAC paragraphs 3-5, p. 2.

The absence of a written agreement between Dr. Martin and CRI concerning ownership of recordings created by Dr. Martin is not dispositive of the ownership of such recordings. Generally, when a work is prepared by an employee in the scope of employment, it is a work made for hire, and the employer is considered to be the author for purposes of the Copyright Revision Act of 1976. See, *17 USC Sections 101, 201(b); Dumas v. Gommerman (9th Cir., 1989) 865 F2d 1093, 1096; Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n (7th Cir. 1986) 805 F2d 663, 667.* The general presumption is therefore that recordings made by Dr. Martin during his employment with CRI would be owned by CRI after his death. Notably, there are no allegations in the FAC that the late Dr. Martin individually copyrighted any of the alleged infringing material. The purported copyright registrations attached to the FAC as exhibits A, B and C were all issued in 2010, long after Dr. Martin's death in 1989.

No evidence is located in California concerning the use of the late Dr. Martin's recordings by defendants RICHARD MORGAN and CYNTHIA MORGAN, the license under which they obtained the recordings from CRI, the activities of Dr. Martin in making the recordings, or the nature of Dr. Martin's employment with CRI. Any such documentary evidence or witnesses are located either in Minnesota (namely RICHARD MORGAN, CYNTHIA MORGAN and their records), or in North Carolina (namely the records of CRI and their directors, officers and employees). Only Plaintiff DARLENE MARTIN is located in California.

For purposes of either discovery (location of witnesses and documentary evidence) or the convenience of witnesses and parties in attending trial, the most convenient venue for this lawsuit would be either Minnesota (the residence of the MORGANS) or North Carolina (where CRI is located). As noted in *Sinochem, supra, 549 U.S. at 423,* when considering the convenience of the

parties and the practical difficulties of litigation in a given locale, the inescapable conclusion is that the Central District of California is not the most convenient forum for the present lawsuit. Instead, either Minnesota or North Carolina are more suitable forums given the location of parties, witnesses and evidence.

Defendants RICHARD MORGAN and CYNTHIA MORGAN therefore respectfully request that the present action be dismissed on grounds of forum non conveniens.

DATED: September 3, 2010          LEIST LAW GROUP, LLP

By: /s/ Jeffrey J. Leist
Jeffrey J. Leist, Esq.
Eric N. Riezman, Esq.
Attorneys for Defendants Cynthia Morgan And Richard Morgan

MEMORANDUM OF POINTS & AUTHORITIES SUPPORTING MOTION TO DISMISS FOR FORUM NON CONVENIENS
5

*MARTIN FAMILY TRUST, ET AL., v. CHRISTIAN RESEARCH INSTITUTE, INC.., ET AL.*
CASE NO. **2:10-cv-02339-JST-CW**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am over the age of eighteen years and not a party to the case.  I am employed in the County of Los Angeles, California and my business address is 111 North Sepulveda Boulevard, Suite 250, Manhattan Beach, CA  90266.

On September 3, 2010, I served the foregoing document described as **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS CYNTHIA MORGAN AND RICHARD MORGAN TO DISMISS ACTION FOR FORUM NON CONVENIENS** on the interested parties in this action as follows:

Vic. Y. Lin
Innovation Capital Law Group, LLP
19900 MacArthur Blvd., Suite 1150
Irvine, CA 92612

Garth M. Drozin
Soltman, Levitt, Flaherty & Wattles LLP
2535 Townsgate Road, Suite 307
Westlake Village, CA 91361

The document(s) was/were served by the following means (specify):

[ X ]  <u>By e-mail or electronic transmission</u>.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    [ ]    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    [X]    (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 3, 2010, at Manhattan Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/
Jeffrey Leist